Olivia C. McRAE et al., Plaintiffs,

v.

The BOARD OF EDUCATION OF HENRY COUNTY et al., Defendants,

and

United States of America, Amicus Curiae.

Civ. A. No. C79–2064A.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 28, 1980.

---

Mary Margaret Oliver, Conyers, Ga., John L. Cromartie, Jr., Atlanta, Ga., for plaintiffs.

Rod G. Meadows/A. J. Welch, Jr., of Smith, Welch & Meadows, Wade M. Crumbley, McDonough, Ga., for defendants.

Harvey B. Knudson, Jr., Atty., Civil Rts. Div., Washington, D. C., amicus for U. S.

Before HILL, Circuit Judge, and FREEMAN and WARD, District Judges.

## FINDINGS, CONCLUSIONS AND ORDER

PER CURIAM.

The above matter came on for a hearing on cross-motions for summary judgment before a three-judge district court consisting of the Honorable James C. Hill, Circuit Judge, the Honorable Richard C. Freeman and Horace T. Ward, District Judges, and after hearing argument in behalf of all the parties, the court took the matter under advisement.

### FINDINGS OF FACT

This action was brought by the plaintiffs under the provisions of Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c, seeking to enjoin further implementation of an at-large election scheme pertaining to the Board of Education of Henry County, Georgia. This lawsuit also raises constitutional challenges to the method of electing the members of the Board of Education of said county. Prior to the hearing, the originating district judge entered an order granting the motion of the United States to participate in this lawsuit as *amicus curiae.*

The court finds that in 1966 the Henry County Board of Education (hereinafter referred to as "the Board") changed the method by which its members were to be elected. This change, embodied in a constitutional amendment set forth in Georgia Laws 1966, pages 919–922, changed the method of election from a single member district plan to an at-large plan, providing for the election of five school board members from the entire county from five residency districts. This constitutional amendment which was ratified by the voters of Henry County in November, 1966, effective in 1968, also provided for a change to staggered terms and the extension of each term from two to four years.

It is noted that on July 25, 1968, Judge Sidney O. Smith, in *Greer v. Polk, et al.,* Civil Action No. 11980, Northern District of Georgia (unpublished), entered an order declaring unconstitutional the single member

district plan under which county commissioners were elected. School board members had been elected from the same districts prior to the 1966 change. The school board of Henry County was not a party to the *Greer* lawsuit.[1] The Henry County Board of Education did not submit the 1966 laws changing the method of electing members of the Board to the Attorney General of the United States for preclearance under Section 5 of the Voting Rights Act of 1965, nor was any action involving the changes for declaratory judgment instituted in the United States District Court for the District of Columbia for a ruling on the changes.

In February, 1979, the Attorney General advised the Board of Education that the records in his office failed to show that the changes had satisfied the preclearance requirements of the Voting Rights Act, and further advised the Board of the method by which preclearance could be sought. The required procedure was set in motion and the Board's completed submission to the Attorney General was received on May 22, 1979. On July 23, 1979, the Assistant Attorney General, Civil Rights Division, acting in behalf of the Attorney General, interposed an objection to the changes embodied in the submission (i. e., a change from single member districts to at-large election with a residential requirement and for staggered and extended terms).

The date of the objection by the Attorney General raises the issue which is before this court for determination, i. e., whether the objection by the Attorney General was timely. The defendants contend that the imposition of the objection by the Attorney General was more than 60 days, and thereby not in compliance with applicable law.

The plaintiffs contend that the objection was timely made. They argued that the date the submission was received is not to be counted in the 60-day period, and that since the 60th day (July 21, 1979) fell on a Saturday, the Attorney General had until the close of the next full business day (July 23, 1979) to impose the objection.

## CONCLUSIONS OF LAW

The issue before the three-judge court is a very narrow one. This court must determine whether the change from election by district to election at-large occasions changes affecting voting within the meaning of Section 5 of the Voting Rights Act of 1965 and, if so, whether such voting changes have satisfied the preclearance requirements of Section 5. See *Allen v. State Board of Elections*, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969); *Perkins v. Matthews*, 400 U.S. 379, 91 S.Ct. 431, 27 L.Ed.2d 476 (1971).

■ The court concludes that the Henry County Board of Education is a "covered" jurisdiction and that the changes to the at-large election structure occasion voting changes subject to the preclearance requirements of Section 5 of the Voting Rights Act of 1965. *Allen v. State Board of Elections, supra*, 393 U.S. at 564–65, 89 S.Ct. at 831. Thus, the only issue to be decided is whether the Attorney General has imposed a timely objection to the changes herein described. This court concludes that the objection of the Attorney General was timely made.

■ Under applicable provisions of the Voting Rights Act, it is clear that the Attorney General must impose any objections "within 60 days after" the submission is

---

1. Also pending before this court is the case of *Edward Head, et al. v. The Henry County Board of Commissioners, et al.*, Civil Action File No. C79–2063A, in which the plaintiffs are challenging the use of county at-large elections for members of the Henry County Board of Commissioners, seeking the same kind of relief as sought regarding the Board of Education. This lawsuit was filed November 9, 1979. On February 5, 1980, the Georgia Legislature passed legislation (Act 696) which altered the method in which the Board of Commissioners is to be elected. The Act provides that the chairman will be elected at-large and the five additional members will be elected from single member districts. The new plan was approved by the voters of the county on March 11, 1980, and has been submitted to the Attorney General for Section 5 review. No legislative action was taken regarding the Board of Education. In any event, it would have required a more complicated procedure, since changes in the manner of electing members of the Board of Education would have required a local constitutional amendment which could not have been voted on prior to November, 1980.

received. See 42 U.S.C. § 1973c. In reference to the 60-day period, the Attorney General has promulgated a regulation which provides in part as follows:

The 60-day period shall mean 60 calendar days, provided that if the final day of the period shall fall on a Saturday, Sunday, or national holiday the Attorney General shall have until the close of the next full business day in which to interpose an objection. The date of the Attorney General's response shall be the date on which it is mailed to the submitting authority.

See 28 C.F.R. § 51.3(c). These regulations were recognized in *Georgia v. United States*, 411 U.S. 526, 93 S.Ct. 1702, 36 L.Ed.2d 472 (1973).

In this case, the Attorney General did not count the date the submission was received as being within the 60-day period. This method of not counting the first day of the submission as part of the 60-day period is legally sufficient and universally recognized in similar situations. See Rule 6(a) of the Federal Rules of Civil Procedure.

It is noted that this method of time computation has been upheld by other three-judge courts in deciding Section 5 cases.[2]

The defendants cited *Garcia v. Uvalde County*, 455 F.Supp. 101 (W.D.Texas 1978), aff'd 439 U.S. 821, 99 S.Ct. 821, 59 L.Ed.2d 26 (1979) to support their proposed method of computing the 60-day time period. Their reliance on *Garcia* is misplaced as that case is distinguishable from the instant case. In *Garcia*, the court dealt with the issue of multiple written requests for additional information, each of which extended the 60-day period for review. The court did not otherwise address the issue of the proper method of computing the 60-day period.

In view of the foregoing, this court concludes that the record before it clearly establishes that the change from election by district to election at-large has failed to satisfy the preclearance requirements of Section 5 of the Voting Rights Act of 1965 and that said at-large election plan as con-tained in Georgia Laws 1966, pp. 919–922, may not be further used or implemented as the method or plan whereby the members of the Henry County Board of Education are elected.

### ORDER

It is hereby ORDERED and ADJUDGED that the plaintiffs' motion for summary judgment as to the preclearance requirements of Section 5 of the Voting Rights Act of 1965 is GRANTED, and the defendants' motion for summary judgment on the same issue is DENIED.

It is further ORDERED that the defendants, their agents and employees, and all acting in concert with them, are enjoined and restrained from further implementation of the at-large structure of electing members to the Henry County Board of Education as contained in Georgia Laws 1966, pp. 919–922.

It is further ORDERED that this case is remanded to the single member district court for the consideration of all other pending issues raised by the pleadings or occasioned by the within order.

SO ORDERED.

---

**2.** *Dehoyos v. Crockett County*, Civil Action No. 6–76–26 (N.D.Texas September 23, 1977); *Vinik v. Smith*, Civ. 71–89 (D.Ariz., Oct. 4, 1971); *United States v. Board of Commissioners of* *Sheffield*, 430 F.Supp. 786 (N.D.Ala.1977) reversed on other grounds, 435 U.S. 110, 98 S.Ct. 965, 55 L.Ed.2d 148 (1978); *Mississippi v. United States*, 490 F.Supp. 569, (D.D.C. 1979).